# SUCRERIE CENTRALE COLOSO
*v.*
# JOSÉ FRANCISCO ESTEVES.

---

San Juan, Law, No. 418.

1. Defendant may offset against a liquidated demand for money an unliquidated claim for damages for the breach of a contract that forms part of the same transaction between the parties.

2. The party injured must reasonably exert himself to minimize his damages or he will be estopped.

3. A contract to grind a cane crop during the months from January to May cannot be construed to allow said grinding to be done within the last few weeks, if that will cause damage to one of the parties.

4. Parties contracting with reference to a particular class of business with which they are both familiar will be presumed to have had in mind the necessities of that business.

5. When defendant admits plaintiff's claim and sets up an offset or counterclaim, the burden of proof is on the former.

6. Mere acquiescence in conditions does not waive any damages that may have previously accrued.

Case tried April 29, 1907.

---

*Mr. Francis H. Dexter,* attorney for plaintiff.

*Messrs. Sweet, Rossy, & Campillo,* attorneys for defendant.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

All the pleadings in this case will be given to you to take to your room, to be used in your deliberations, and you will see from the complaint that the Sucrerie Centrale Coloso, as plaintiff, asks judgment for $8,575.24, with interest thereon at 12 per cent per annum from the 30th day of June, 1906, and its costs of suit. You will see by the answer and the cross complaint that the defendant, José Francisco Esteves, admits that this principal sum is prima facie due from him to the

plaintiff in the first instance, and therefore you are instructed that you will start your deliberations with the knowledge that the defendant admits that he owes the plaintiff, under the contract that has been introduced in evidence before you, the said sum of $8,575.24, but the question of interest is one to be decided by you under these instructions later.

With the justice, as between the parties, of the terms of the original contract, you, at this time, have nothing to do. There is another suit pending in this court, in which all questions in that regard will be adjusted; but the defendant claims that, because the plaintiff did not receive and grind the cane from his plantations at the time it ought to have done so, it has caused him damage in the sum of $8,189, which he alleges is made up by reason of losing 40 per centum of the value of his sugar cane, amounting to $4,000, and by suffering a loss to his cane crop for the coming year in the sum of $2,000, and loss by delay in seeding the new plantings amounting to $1,000, and loss in and about the securing of money which plaintiff, he claims, ought to have furnished to him, and in and about the rehabilitation of the machinery of his own sugar factory, made necessary by the wrongful act of the plaintiff, as defendant claims, both latter items amounting to $1,000; and in the sum of $189, which he claims is interest the plaintiff has charged to him, which would not have been necessary had the cane been ground at the proper time, as the value thereof, he claims, would have wiped out enough of the debt to cancel that amount of interest. This claim for damages by defendant against plaintiff was detailed to you in the argument of his counsel this afternoon, and conceded by said counsel to be what defendant's side claims to have proved. Therefore you will be limited by that in your

findings, although, in the cross complaint, defendant asks for $6,000 general damages over and above the specific ones.

You are instructed that, notwithstanding the main contract between the parties here, this defendant has the right, if you believe, from a preponderance of the evidence, that plaintiff did not carry out its contract with him properly, and that such fact resulted in damage to him, to have the amount of his damage calculated at your hands from the evidence, and to offset that against the said amount of $8,575.24, which defendant concedes is prima facie due to plaintiff.

You are further instructed that, whenever one party to a contract, by wrongful act or by negligence, is causing damage to the opposite party, it is the duty of the opposite party, in the exercise of such care as a reasonable man would, to lessen those damages as he reasonably can, and then, after having done so, if he is damaged, the party causing the damage is liable to him therefor.

You are further instructed that, notwithstanding the fact that the main contract in this case between the parties provides that the delivery of cane shall begin on the first day of January and end the last of May, such fact does not give the right to the plaintiff to grind all the cane the last few weeks of that time, or at any other unreasonable time, if, by so doing, that would damage the defendant, because, whenever a contract is made about a particular kind of business, the law presumes that both parties had knowledge of the necessities of such business on both sides in their minds at the time of the making of the contract, and that they contemplated the receiving and grinding of said cane within the time limit from January 1st to the end of May, in such manner as might cause the least damage to

Sucrerie Centrale Coloso v. Esteves.

each of them. And you are instructed that, if you believe, from a preponderance of the evidence, that plaintiff, on its part, failed to do this, and that the defendant was not guilty of contributory negligence in that regard, you will find for the defendant in such damage as you may believe to have been caused to him in that regard. Therefore, if you believe, from a preponderance of the evidence, that there was no cane received or ground in the months of January or February, or during the first eight days of March, 1906, and that such fact caused damage to the defendant, and that he was ready and willing to deliver the cane during that time, then you will find for the defendant in such damages as to that item as you believe, from a preponderance of the evidence, he is entitled to for such delay up to that time.

You are further instructed that, as to these damages claimed by the defendant from the plaintiff, the positions of the parties are reversed, and the defendant has the burden upon him to show his damage to your satisfaction by a preponderance of the evidence.

You are further instructed that the question whether or not this defendant desires to break the contract between himself and the plaintiff company is not before you at this time, and cannot be considered for any purpose by you, even if you should believe it to be true, save for the purpose of weighing the good faith of his actions or the truthfulness of his evidence in this cause.

You are further instructed that, if you find no damage to have been done by the plaintiff to the defendant, then you must return a verdict for the plaintiff exactly as he has requested in his complaint.

Sucrerie Centrale Coloso v. Esteves.

You are further instructed that the Sucrerie Centrale Coloso was the one who began this litigation, and this fact is called to your attention for fear you might be misled in that regard.

You are further instructed that no new arrangement could be made between these parties after the contract began to run, that would relieve the one who may have been guilty of any damage towards the other from liability for such damage, unless it was based upon an adequate consideration, then and there passing between the parties therefor; and you are instructed that mere acquiescence in conditions does not waive any damages that may have previously accrued on the part of either.

You are further instructed that there is no question of cheating or defrauding of either of the parties by the other as to weights or accounts before you, and the damages, if they exist in this cause, all arose in the manner shown by the evidence, if damages have in fact been shown.

You are further instructed that, if you believe, from a preponderance of the evidence, that the defendant waived his right to force the plaintiff to receive all his cane before the first of June, and delivered cane to it thereafter, then the plaintiff would be liable only for such damage as the late cutting of the cane may have caused, provided you find that such late cutting did cause damage, and that such late cutting was through no fault of defendant.

Verdict: We, the jury, find in this cause that the defendant owes the plaintiff, as per his own confession, the sum of $8,575.-24, with the amount of $1, as interest, to be added thereto; and we further find on the cross complaint the issues for the defendant, and assess his damages in that regard at the sum of $7,189.